Liu v. Garland

BIA
Cheng, IJ
A096 191 966/965

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
            *Circuit Judges.*

------

SU ZHEN LIU, YI FA CHEN,
        *Petitioners*,

        v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent*.

       **12-4324**
       **NAC**

------

FOR PETITIONERS:        David Z. Su, West Covina, CA.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Richard Kelley, Anna Juarez, Trial

Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Su Zhen Liu and Yi Fa Chen, natives and citizens of the People's Republic of China, seek review of an October 15, 2012, BIA decision that affirmed the September 29, 2010, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Su Zhen Liu, Yi Fa Chen,* Nos. A096 191 966/965 (B.I.A. Oct. 15, 2012), *aff'g* Nos. A096 191 966/965 (Immig. Ct. N.Y. City Sept. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Petitioners applied for asylum and withholding of removal, naming Chen as a derivative

2

beneficiary and asserting that Liu fears persecution based on the birth of their children in Belize and the United States in violation of China's population control program.

While we recognize that the petitioners in *Jian Hui Shao* were from Fujian Province, and Petitioners here are from Guangdong Province, our reasoning in that case, *see id.* at 158-67, is nonetheless largely applicable to this case. We find no error in the agency's determination that Petitioners failed to satisfy their burden for asylum and withholding of removal because their evidence of conditions in Guangdong Province does not describe the use of force in the enforcement of the family planning policy and their personalized evidence does not show persecution of similarly situated individuals, i.e., Chinese nationals returning to China with foreign-born children. *See id.* at 160-61, 165-66, 171-72.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3